IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Earl Eaddy, II, #294169, ) | |
| ) | CIVIL ACTION NO. 3:10-1693-RBH-JRM |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Warden John R. Pate of ACI, ) | |
| Respondent. ) | |

Petitioner, Donald Earl Eaddy, II ("Eaddy"), is an inmate with the South Carolina Department of Corrections serving twenty years imprisonment for infliction of great bodily harm on a child and a ten year concurrent sentence, suspended on service of nine years, followed by five years probation for assault and battery of a high and aggravated nature ("ABHAN"). He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 1, 2010. Respondent filed a return and motion for summary judgment on September 16, 2010. Because Gilyard is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 17, 2010 explaining to him his responsibility to respond to the motion for summary judgment. Eaddy filed his responses to the Respondent's motion on September 30, 2010 and October 15, 2010. Eaddy filed a motion to amend his petition on March 9, 2011. Respondent filed a supplemental return on May 16, 2011.

1

**Background and Procedural History**

In June of 2002 officers of the Summerville Police Department encountered a bruised and battered nine-year old boy. Investigation led to the boyfriend of the victim's mother, Eaddy. Eaddy was charged with assault and battery with intent ("ABWIK") to kill and "child abuse/infliction of great bodily harm upon a child." (App. 516). Thomas MacGregor, Esquire represented Eaddy at trial. Eaddy was convicted of the child abuse charge and ABHAN, a lesser included offense of ABWIK.

After conviction, an Anders[1] brief was filed on Eaddy's behalf by the South Carolina Office of Appellate Defense raising the following issue:

> The judge erred by refusing to direct a verdict acquitting Eaddy of inflicting great bodily injury upon a child.

Pursuant to state procedure, Eaddy filed a *pro se* brief asserting the following issue:

> The trial court lacked subject-matter jurisdiction on the indictments because the indictments was flawed; and trial counsel was ineffective in failing to raise such flaw and in allowing appellant to go to trial on the indictments.

Eaddy's convictions were affirmed by the South Carolina Court of Appeals. *See* State v. Eaddy, Unpub.Op.No. 2005-UP-382 (filed June 14, 2005).

Eaddy filed an application for post-conviction relief ("PCR") on July 15, 2005. (App. 518). An amended application was filed on May 23, 2007. (App. 541). An evidentiary hearing was held on May 20, 2008. Eaddy was represented by Charles T. Brooks, III, Esquire. The PCR court issued an order of dismissal on July 17, 2008. (App. 619).

A petition for writ of certiorari and an amended petition for writ of certiorari were filed through the South Carolina Commission on Indigent Defense. The amended petition raised the

---

[1] Anders v. California, 386 U.S. 738 (1967).

following issue:

> The Americans with Disabilities Act prohibits a "public entity" from discriminating against a "qualified individual with a disability" on account of that person's disability. Was it ineffective assistance of counsel for trial counsel not to object to the Solicitor's request to have Eaddy's wheelchair removed from the courtroom because the wheelchair "would invoke some sort of sympathy from the jury" and when Eaddy protested to the judge that he cannot get around without it?

The petition for writ of certiorari was denied by the South Carolina Supreme Court on May 14, 2010.

### Grounds for Relief

In his present petition, Eaddy asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** The judge erred by refusing to direct a verdict aquitting Eaddy of inflicting great bodily injury upon a child.

**Supporting facts:** See Addendum Number 1 (pp. 5A-5B)(attached to this federal habeas petition)

**Ground Two:** Ineffective assistance of trial counsel for failure to object to the Solicitor's argument on the wheelchair in the courtroom.

**Supporting facts:** See Addendum Number 2( pp. 6A-6B-6C) & App. p. 418, ln. 9 - 427, ln. 3)(attached this federal habeas petition).

### Discussion

Since Eaddy filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody

3

> pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

**1. Sufficiency of Evidence (Ground One)**

Eaddy asserts that the trial judge erred by refusing to direct a verdict acquitting [him] of inflicting great bodily injury upon a child." Even though this ground is alleged as a violation of state law, "[a]ny challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily

4

a due process challenge to the conviction." West v. Wright, 931 F.2d 262, 266 (4th Cir. 1991), *overruled on other grounds,* 505 U.S. 277 (1992) (citing Jackson v. Virginia, 443 U.S. 307, 321 (1979). Under the AEDPA, the appropriate standard is "whether a state court determination that the evidence was sufficiently to support a conviction was an 'objectively reasonable' application of [the standard enunciated in] Jackson." Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007), *cert. denied,* 552 U.S. 1232 (2008), *quoting* Sarausad v. Porter, 479 F.3d 671, 677 (9th Cir. 2007).

Under the Jackson standard, this Court is required to review the state court record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. Where the state court evidence contains conflicting inferences, this Court must presume "that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. In applying this standard, this Court may not require the State to disprove "every hypothesis except that of guilty beyond a reasonable doubt." *Id.*

The trial court instructed the jury on the essential elements of the crime of infliction of great bodily harm on a child by reference to the to statute, stating:

> 16-3-95(a) says it is unlawful to inflict great bodily injury upon a child. For purposes of this section, great bodily injury means bodily injury which creates a substantial risk of death, or which causes serious or permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. This section may not be construed to prohibit corporal punishment or physical discipline which is administered by a parent or person loco parentis in a manner which does not cause great bodily injury upon a child.

(App. 480).

In his Anders brief and present petition, Eaddy argues that the evidence does not support a finding that the victim's injuries were life-threatening or potentially fatal.

The State began the trial by presenting the testimony of the victim who was ten years of age at that time. (App. 147).  He described a continuous course of physical abuse by Eaddy after Eaddy moved into the home which included frequent and prolonged calisthenics, spankings and beatings by hand, switch, and with a spatula, head injuries[2], and choking[3].  On one occasion when the victim complained, Eaddy covered his mouth with duct tape.  The victim injured his foot when he jumped from a window while trying to run away.  He was hospitalized for three days after he was discovered by police.

Due to the victim's condition when he encountered the police, he was examined by a pediatrician who specialized in forensic medicine.  Numerous photographs depicting the victim's injuries were taken and presented to the jury at trial.  The examining physician used the photographs to detail the victim's condition at the time of the examination to the jury.  (App. 266).  The injuries were consistent with abuse as described by the victim including strangulation.  His body was covered with bruises and abrasions, some of which were in a location and severe enough to create renal issues.  The doctor concluded that, to a reasonable degree of medical certainty, the injuries sustained by the victim at the hands of Eaddy put the victim at risk of "life threatening harm," and could be described "as great bodily injury," and were "potentially fatal in nature." (App. 307-308).[4]

The South Carolina Court of Appeals rejected Eaddy's argument that the trial judge should

---

[2]The head injuries were caused by being struck by Eaddy, lifting the victim off the ground after placing his hands beside the victim's eyes, and head butting him.

[3]Eaddy would grasp the victim by the neck and lift him up until the victim's head touched the ceiling.

[4]Counsel for Eaddy did not challenge the doctor's conclusions on cross-examination but concentrated on the possibility that the injuries were caused in ways other than those described by the victim.  Eaddy also presented the testimony of two doctors, but they testified about Eaddy's trouble in walking and not about the injuries of the victim.

6

have directed a verdict on the charge of inflicting great bodily injury on a child. Under the Jackson analysis, the undersigned concludes that evidence was sufficient to support the conviction.

### 2. Ineffective Assistance of Trial Counsel (Ground 2)

Eaddy asserts that his trial attorney was ineffective for not opposing the Solicitor's request that Eaddy be seated at counsel table in the chair provided, and not in a wheelchair. This issued was raised in the PCR process and addressed by the PCR court. In the petition for writ of certiorari Eaddy argued that counsel should have based an objection on a violation of the Americans With Disabilities Act ("ADA").

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

>would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
>* * *
>
>[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

At the beginning of trial the Solicitor requested that Eaddy sit at counsel table in a chair and not be allowed to sit in his wheelchair. Trial counsel agreed to the request stating, "I'm going to have two doctors testify as to his health condition anyway, so it won't make any difference whether he's in a chair or in this chair, either way.[5] (App.25).

The PCR court found that Eaddy did not show that his trial attorney committed error or that he was prejudiced by the ruling. (App. 623). At the PCR hearing, Eaddy offered no evidence or argument concerning an ADA violation. He testified that the wheelchair would have shown the jury

---

[5] As noted earlier, two doctors testified as to Eaddy's difficulty in ambulating.

8

that he was not physically capable of committing some of the abusive acts described by the victim. Even if it was error not to argue in favor of the presence of the wheelchair, Eaddy did not show prejudice as he did, in fact, present two doctors who testified as to his limitations.

## Conclusion

Based on a review of the record, the undersigned concludes that Eaddy has not shown that the state court decisions were contrary to, or an unreasonable application of, United States Supreme Court law. It is therefore recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

June 24, 2011
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).